974 F.2d 1345
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 OKLAHOMA GAS & ELECTRIC COMPANY, Plaintiff-Appellant,
v.
McGRAW-EDISON COMPANY, Defendant-Appellee.
 No. 89-6152.
 United States Court of Appeals, Tenth Circuit.
 Aug. 21, 1992.
 
 Before LOGAN, JOHN P. MOORE and STEPHEN H. ANDERSON, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 Plaintiff Oklahoma Gas & Electric Company (OG & E) filed an action in an Oklahoma state court alleging that a power transformer purchased from defendant McGraw-Edison Corporation (McGraw-Edison) and placed in service in August 1977 exploded on March 23, 1981. OG & E sought damages for injury to the transformer itself, injury to ancillary equipment, and consequential economic harm from injury to the transformer (cleanup, removal, repair, testing, and reinstallation of the transformer; rental, installation, and removal of a temporary transformer; and lost profits from sales of electricity) on theories of negligent manufacture and design, breach of warranties, and manufacturer's products liability.
 
 
 2
 After removal to federal court, OG & E dismissed the negligence and warranty claims. Shortly thereafter, the district court granted McGraw-Edison's motion for summary judgment on plaintiff's claim for damages to the transformer itself and consequential economic harm flowing therefrom. The district court stayed further proceedings to allow OG & E to appeal from the interlocutory summary judgment order, and OG & E petitioned the circuit court for permission to appeal. Leave to appeal was initially granted but subsequently dismissed as improvidently granted. On remand, OG & E dismissed without prejudice its only remaining claim for damages to ancillary equipment. The district court then entered a final order of summary judgment for McGraw-Edison, from which OG & E now appeals.
 
 
 3
 The only issue before the Tenth Circuit is whether a plaintiff in a manufacturer's products liability action can recover damages for injury to the allegedly defective product itself and consequential economic harm flowing from that injury. We certified that question to the Oklahoma Supreme Court pursuant to Okla.Stat.Ann. tit. 20, ch. 21. That court has now answered the question in the negative. Oklahoma Gas & Electric Co. v. McGraw-Edison Co., No. 74,381 1992 WL 167301 (Okla.Sup.Ct. July 14, 1992). This ruling is in accord with the holding of the district court in the instant case.
 
 
 4
 We therefore AFFIRM the summary judgment granted by the district court in favor of defendant McGraw-Edison Company.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3